This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-36387**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DONALD WEST,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Marko D. Hananel, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Defendant Donald West appeals his conviction for felony driving under the influence of intoxicating liquor or drugs (DUI), contrary to NMSA 1978, Section 66-8-102 (2010, amended 2016). In this appeal, we address two possible Confrontation Clause violations. The first is raised by Defendant—Defendant argues that his confrontation rights were violated when the district court permitted the State's expert from the Scientific Laboratory Division (SLD) to testify to the presence of alcohol and drugs in his

system, even though the expert did not conduct the laboratory testing. The second is raised by the State—the State concedes that the admission of the SLD toxicology report, which was generated by a non-testifying analyst, was violative of the Confrontation Clause but argues that such error was not fundamental or harmful. We affirm.

**DISCUSSION**

**{2}** The Confrontation Clause of the Sixth Amendment of the United States Constitution precludes the admission of evidence at trial of "an out-of-court statement that is both testimonial and offered to prove the truth of the matter asserted . . . unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant." *State v. Navarette*, 2013-NMSC-003, ¶ 7, 294 P.3d 435. We review questions of admissibility under the Confrontation Clause de novo. *State v. Montoya*, 2014-NMSC-032, ¶ 16, 333 P.3d 935.

**I.      The Expert's Testimony About Defendant's Alcohol and Drug Levels**

**{3}** The State's expert testified at trial about the presence of alcohol and drugs in Defendant's blood sample obtained after his arrest for DUI. Defendant argues that this testimony violated his confrontation rights because the expert did not conduct or observe the actual testing of Defendant's blood sample. In response, the State argues that an expert's opinion testimony based upon her independent review of raw data does not violate the Confrontation Clause. We agree with the State.

**{4}** Following the United States Supreme Court's seminal line of confrontation cases beginning with *Crawford v. Washington*, 541 U.S. 36 (2004), our courts have made clear that the Confrontation Clause is not offended when "an expert who has analyzed the raw data generated by another analyst and who has formed independent conclusions based upon that analysis . . . testif[ies] as to those conclusions." *State v. Huettl*, 2013-NMCA-038, ¶ 36, 305 P.3d 956; *see also Navarette*, 2013-NMSC-003, ¶ 22 ("[A]n expert witness may express an independent opinion regarding his or her interpretation of raw data without offending the Confrontation Clause."). In this case, Ms. Pamela Gonzales was qualified as the State's expert in chemical testing, and she gave her opinion about Defendant's alcohol and drug levels.

**{5}** A full examination of Ms. Gonzales's testimony reveals that she did not merely parrot the conclusions in the SLD toxicology report but instead provided her own independent conclusions based on her review of the underlying raw data. *See Huettl*, 2013-NMCA-038, ¶¶ 35-37 (observing that expert testimony based on raw data generated by another is permissible so long as the expert testifies to his or her own independently derived opinion, but that expert testimony based solely on a non-testifying analyst's analysis and conclusions is not permissible). Throughout her testimony, Ms. Gonzales explained that her conclusions about Defendant's alcohol and drug levels were based on "raw data" and the "sheets that come out of" the gas chromatograph mass spectrometer (GCMS). Ms. Gonzales testified to checking that

"calibrators and controls [met] requirements" and looking for "ions" and "peaks" in the data, pursuant to her training and experience. Based on those facts and data, Ms. Gonzales gave her own opinion as to the alcohol and drug levels in Defendant's blood sample. Ms. Gonzales's opinion, independently reached and based on raw data, did not pose a confrontation problem and was "an original product that [could] be tested through cross-examination." *Id.* ¶ 34 (internal quotation marks and citation omitted).

**{6}** In an attempt to avoid this result, Defendant contends *State v. Dorais*, 2016-NMCA-049, 370 P.3d 771, controls. *Dorais* involved the testimony of a SLD supervisor, who neither conducted nor observed the laboratory testing; the supervisor nonetheless testified about the defendant's blood test results based solely on a review of the non-testifying analyst's report. *Id.* ¶ 32. Our Court held that under those circumstances the witness's testimony, which conveyed the non-testifying analyst's statements, violated the Confrontation Clause under *Bullcoming v. New Mexico*, 564 U.S. 647, 673 (2011). *Dorais*, 2016-NMCA-049, ¶ 32. *Dorais*, however, is inapposite. In this case, Ms. Gonzales's testimony regarding Defendant's blood alcohol and drug levels was based not on a regurgitation of the SLD toxicology report but instead on her independent expert evaluation of raw data. *See Huettl*, 2013-NMCA-038, ¶ 39 (concluding such testimony does not violate the Confrontation Clause).

## II. The Toxicology Report

**{7}** The State, in its answer brief, identifies an additional Confrontation Clause issue not raised by Defendant. State's Exhibit 3 (the SLD toxicology report), which contained Defendant's blood test results produced by a non-testifying analyst, was admitted into evidence after Ms. Gonzales independently testified to Defendant's alcohol and drug levels. The State candidly acknowledges this was error. We agree the admission of Exhibit 3 was a Confrontation Clause violation as the report was testimonial and the authoring analyst was not subject to cross-examination. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009) (concluding the Confrontation Clause was violated when the trial court admitted into evidence certificates of non-testifying laboratory analysts stating material seized from the defendant was cocaine). The State, however, argues this error was not preserved, but even if it was, the error was harmless.

**{8}** Defendant in reply stays steadfast in his argument that it was Ms. Gonzales's testimony, not the admission of Exhibit 3, that violated the Confrontation Clause. Defendant simply states, "The answer brief is correct to concede error in the admission of [Exhibit 3], but the testimony of [Ms. Gonzales,] the non-testing (and non-observing) analyst was in itself error." Defendant does not demonstrate whether or how he preserved a Confrontation Clause objection with respect to the admission of Exhibit 3, as required by the rules. Rule 12-318(A)(4) NMRA. We will not search the record to determine if an issue was preserved, and, on this ground alone, we may decline further review. *See State v. Schaublin*, 2015-NMCA-024, ¶ 28, 344 P.3d 1074 (declining to consider constitutional argument where the defendant "fail[ed] to demonstrate whether and, if so, how he preserved his constitutional argument in the district court"). And while

unpreserved constitutional violations may be reviewed for fundamental error at the appellate court's discretion, Defendant has not asked us to review this issue for fundamental error or developed any argument why the admission of Exhibit 3 constituted fundamental error. *See State v. Lucero*, 1999-NMCA-102, ¶ 45, 127 N.M. 672, 986 P.2d 468 (refusing to address arguments that were not made in the district court and when no assertion of fundamental error was made on appeal).

**{9}**　　Finally, even were we to assume this error was preserved, Defendant has failed to address the State's convincing showing that Exhibit 3 was merely cumulative of other facts in evidence and that its admission did not rise to the level of harmful error. *See State v. Tollardo*, 2012-NMSC-008, ¶ 43, 275 P.3d 110 ("[W]hen reviewing an error's role in the trial, courts may, depending upon the circumstances of the cases before them, examine the importance of the erroneously admitted evidence in the prosecution's case, as well as whether the error was cumulative or instead introduced new facts." (alterations, internal quotation marks, and citation omitted)). We are under no obligation to make and develop Defendant's arguments for him, and we decline to address this undeveloped issue further. *See State v. Duttle*, 2017-NMCA-001, ¶ 15, 387 P.3d 885 ("For this Court to rule on an inadequately briefed constitutional issue would essentially require it to do the work on behalf of [the d]efendant."); *see also State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts do not review unclear or undeveloped arguments).

**CONCLUSION**

**{10}**　　For the foregoing reasons, we affirm Defendant's conviction.

**{11}**　**IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**